# MacDonald Illig Jones & Britton LLP

ATTORNEYS AT LAW

T. WARREN JONES
EDWARD W. GOEBEL, JR.
 (REG. PAT. ATTORNEY)
JAMES D. CULLEN
WILLIAM R. BROWN
ROGER H. TAFT
 (ALSO ADMITTED IN NY)
DAVID E. HOLLAND
W. PATRICK DELANEY
JAMES M. ANTOUN
JAMES R. WALCZAK
 (ALSO ADMITTED IN DC)
RUSSELL S. WARNER
MARCIA H. HALLER
JAMES E. SPODEN
 (ALSO ADMITTED IN IL)
DALE E. HUNTLEY

JOHN W. DRASKOVIC
JOHN J. MEHLER
MATTHEW W. McCULLOUGH
SUSAN FUHRER REITER
RICHARD J. PARKS
 (ALSO ADMITTED IN OH)
MARK J. SHAW
JOHN F. MIZNER
 (ALSO ADMITTED IN NY)
CRAIG R.F. MURPHEY
DANIEL M. MILLER
SHAUN B. ADRIAN
KIMBERLY A. OAKES
ERIC J. PURCHASE
LISA SMITH BECK
STEVEN C. BECKMAN

100 STATE STREET, SUITE 700
ERIE, PENNSYLVANIA 16507-1459
814-870-7600
FAX 814-454-4647
www.macdonaldillig.com

Direct Dial 814-870-7650
E-Mail: tjones@macdonaldillig.com

LAURA POPOFF STEFANOVSKI
JOHN A. LAUER
BRUCE L. DECKER, JR.
WALTER E. DEACON, III
 (ALSO ADMITTED IN WY)
GREGORY P. ZIMMERMAN
ROBERT E. GANDLEY
CATHERINE MOODEY DOYLE
LAURA J. MOTT
REBECCA A. HERMAN
JON L. WOODARD
 (REG. PAT. ATTORNEY)
DAVID F. DIETRMAN
GABRIEL J. OROS
KATHLEEN HAYNE ROBERTSON
SCOTT T. STROUPE

JOHN E. BRITTON
 (OF COUNSEL)
JOHN D. WILSON
 (OF COUNSEL)
JOHN J. STROH
 (OF COUNSEL)
NORMAN H. STARK
 (OF COUNSEL)
—
HENRY A. MacDONALD
 (1928-1984)
WILLIAM F. ILLIG
 (1946-1989)
FREDERICK F. JONES
 (1939-1977)
IRVING OLDS MURPHY

June 5, 2003

**VIA FAX (412-261-3222)
AND REGULAR MAIL**

Paul K. Geer, Esquire
DiBella & Geer, P.C.
312 Boulevard of the Allies
Suite 300
Pittsburgh, PA 15222

 Re:  Amica Insured:  Jonathan and Amy Borden
      Your File No.:  F30200301218
      Date of Loss:   February 16, 2003
      Policy No.:     6308371183

Dear Mr. Geer:

   This is in response to your letter of May 28, 2003.

   Regarding the undisputed portion of the payment, your offer to obtain a replacement check is appreciated. The check will be accepted with the clear understanding that our clients are in no way prejudiced, with respect to the pursuit of their claim, by accepting this undisputed payment. The Bordens initially refused the check because it included the language "actual cash value", which suggested to them that the check was being tendered in full satisfaction of Amica's obligations.

   I am meeting with the Bordens, the adjuster, Mr. Parise, and our consultant building contractor one week from today to review both estimates. At that same time, our experts will assess the

DEFENDANT'S EXHIBIT A 12

JUN 6 - 2003

AM664

MacDonald Illig Jones & Britton LLP

June 5, 2003
Page  -2-

issue of whether it is necessary to take additional measures to preserve and protect the property pending the completion of the repairs. You are reminded, however, that Amica engaged Visions to perform those repairs, and never advised the Bordens that it was urgent to take additional protection measures at any time.

I am somewhat curious about the question which you asked on the second page of your letter as follows: "Why should Amica accept a proposed scope of damage presented by your clients and their adjuster which suggests that areas damaged only by smoke and water should be gutted and rebuilt?" It would appear to me that to ask the question is to answer it. This is Amica's Platinum policy, and it purports to provide for replacement cost of that part of the building damaged, with materials of like kind and quality. Simply stated, therefore, it would seem that areas damaged by smoke and water should be "replaced." This is precisely the sort of problem which caused my clients to become concerned about whether Amica is acting in good faith.

Following our phone conversation, and my receipt of your letter, I had a call from John Schumann, who prepared the repair estimate for Amica. While I was somewhat surprised to be contacted directly by Mr. Schumann, I was certainly glad to hear from him. He advised during our brief phone discussion that he had been instructed by Amica to further review this matter in order to determine whether his repair estimate was adequate under the circumstances. I advised Mr. Schumann of our meeting scheduled for June 12, 2003, and told him we would be in touch shortly after that meeting to further discuss the claim. Should I make those arrangements through your office, or am I able to be directly in touch with Mr. Schumann?

Finally, while I have reviewed the case law relating to the selection of an appraiser, I don't think we have a need to resolve that issue immediately. Of course, if we can't get this matter resolved amicably, we'll make a prompt decision regarding our appraiser.

AM665

MacDONALD ILLIG JONES & BRITTON LLP

June 5, 2003
Page  -3-

    I'll look forward to hearing from you in the near future. We are pleased that it is Amica's intention to handle this claim both expeditiously and fairly as your correspondence suggests.

                        Very truly yours,

                        MacDONALD ILLIG JONES & BRITTON LLP

                        By_____
                               T. Warren Jones

TWJ/krm
760661/19196.0000C

cc:  Dr. and Mrs. Jonathan Borden
     5011 Wolf Road
     Erie, PA 16505
     **VIA REGULAR MAIL**

AM666

**Amica Mutual Insurance Company**
**Amica Life Insurance Company**
**Amica General Agency, Inc.**

PITTSBURGH REGIONAL OFFICE
1500 Corporate Drive, Suite 250
Canonsburg, Pennsylvania 15317-8574

AUTO   HOME   LIFE

Toll Free: 888-67-AMICA (888-672-6422)
Fax: (724) 745-2133

May 2, 2003

Dr. Jonathan Borden and
Mrs. Amy Borden
4838 Wolf Road
Erie, PA 16505

COPY

Our File No.: F30200301218
Date of Loss: February 16, 2003

Dear Dr. and Mrs. Borden:

Property Claim Services has written a dwelling repair estimate in the amount of $327,999.14 which was agreed to by Visions Corp. Your consultant, Giordano Associates has written an estimate in the amount of $680,492.21.

At our meeting on April 15, 2003, given the large variation in estimated damage it was our conclusion that it would be more expeditious to proceed with appraisal. You have not provided an estimate from a qualified contractor and we believe your consultant's estimate has overstated the loss. We advised your consultant that we would be demanding an Appraisal as provided in your Homeowners Policy.

Please refer to Page 17 or 26 of your HO-5, edition 4-01, Homeowners Policy, **Section I - Conditions**, which states:

**E. Appraisal**

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the **residence premise** is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. The decision agreed to by any two will set the amount of loss.

EXHIBIT
J. BORDEN #13

DEFENDANT'S EXHIBIT
A 13

Web Site: www.amica.com
Offices Countrywide: 800-24-AMICA (800-242-6422)

AM603



**AUTO   HOME   LIFE**

Amica Mutual Insurance Company
Amica Life Insurance Company
Amica General Agency, Inc.

PITTSBURGH REGIONAL OFFICE
1500 Corporate Drive, Suite 250
Canonsburg, Pennsylvania 15317-8574

Toll Free: 888-67-AMICA (888-672-6422)
Fax: (724) 745-2133

Dr. Jonathan Borden and
Mrs. Amy Borden
Page Two

Each party will:

1. Pay its own appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

　　We select as our Appraiser, Jack Owens, CPCU of P.O. Box 72, McKean, Pennsylvania 16426. His telephone number is 814-476-9941.

　　The basement of your house remains in the same condition it was following the fire.

　　Please refer to Page 13 of 26 of your HO-5, Homeowners Policy, **Section I - Exclusions**, which states:

> A. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
> **5. Neglect**
>
> > Neglect means neglect of an **insured** to use all reasonable means to save and preserve property at and after the time of loss.

　　Please refer to Page 14 of 26 of your HO-5, Homeowners Policy, **Section I – Conditions**, which states:

> B. **Duties After Loss**
>
> > In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These

Amica Mutual Insurance Company
Amica Life Insurance Company
Amica General Agency, Inc.

PITTSBURGH REGIONAL OFFICE
1500 Corporate Drive, Suite 250
Canonsburg, Pennsylvania 15317-8574



AUTO  HOME  LIFE

Toll Free: 888-67-AMICA (888-672-6422)
Fax: (724) 745-2133

Dr. Jonathan Borden and
Mrs. Amy Borden
Page Three

duties must be performed either by you, or an **insured** seeking coverage, or a representative of either:

4. Protect the property from further damage. If the repairs to the property are required, you must:

   a. Make reasonable and necessary repairs to protect the property; and

   b. Keep an accurate record of repair expenses;

There may also be other reasons coverage does not apply. We specifically reserve the right to enforce any exclusion, condition, or limitation of coverage stated in the policy which may become evident during our investigation. Attached are copies of the policy pages referenced above.

Our investigation of this claim should not be construed as a waiver of our rights to deny coverage for this instance for the reasons previously mentioned. Also, you are not waiving any of your rights under this policy.

I look forward to your itemized contents inventory and supporting documentation.

In addition, please submit the hotel and meal expense receipts incurred prior to the house rental for our consideration.

If you have any questions, please let me know. I look forward to your selection of an Appraiser.

Very truly yours,

David J. Bennett, CPCU, AIC
Amica Mutual Insurance Company
Branch Manager



**Amica Mutual Insurance Company**
**Amica Life Insurance Company**
**Amica General Agency, Inc.**

PITTSBURGH REGIONAL OFFICE
1500 Corporate Drive, Suite 250
Canonsburg, Pennsylvania 15317-8574

Toll Free: 888-67-AMICA (888-672-6422)
Fax: (724) 745-2133

DJB:dct1, 3
Attachments

cc: Giordano and Associates, Inc.
 71 High Street
 East Haven, CT 06512